**COUNCIL OF PRISON LOCALS, American Federation of Government Employees, AFL–CIO, Plaintiff,**

v.

**Robert G. HOWLETT, et al., Defendants.**

**Civ. A. No. 81–1782.**

United States District Court, District of Columbia.

April 28, 1983.

Robert J. Freehling, Elizabeth Medaglia, William E. Persina, Federal Labor Relations Authority, Rebecca L. Ross, Asst. U.S. Atty., Washington, D.C., for defendants.

Peter B. Broida, Passman, Price & Broida, Washington, D.C., for plaintiff.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This matter is before the Court on defendants' motions to dismiss and plaintiff's opposition thereto. After an unsuccessful attempt in the United States Court of Appeals for the District of Columbia Circuit,[1] plaintiff, the Council of Prison Locals, AFGE and AFL–CIO (Union), now seeks review in this Court of an allegedly illegal decision of the Federal Service Impasses Panel (Panel), an "entity within" the Federal Labor Relations Authority (FLRA or Au-

---

**1.** *Bureau of Prisons Council, American Federation of Government Employees, AFL–CIO v. Federal Labor Relations Authority, Federal Ser-* *vice Impasses Panel,* No. 81–1055 (D.C.Cir. July 2, 1981) (per curiam).

thority). The Panel's decision dictates the terms of the collective bargaining agreement between the Union and the Bureau of Prisons.

■ The Federal Services Labor-Management Relations Statute (Statute or Act)[2] provides for indirect review in the courts of appeals of decisions of the Panel if they form the basis of a final order by the FLRA in unfair labor practice proceedings.[3] In the absence of one of the few recognized statutory or judicial exceptions, that scheme is exclusive. 5 U.S.C. § 7123(a); see *Columbia Power Trades Council v. Department of Energy*, 671 F.2d 325, 327 (9th Cir.1982) ("... [I]t is manifestly the expressed desire of Congress to create an exclusive statutory scheme." [footnote omitted]). Because it is determined that plaintiff has not comported with the statutory requirements for review, nor demonstrated that this case presents an exception to the rule of non-reviewability, this cause must be dismissed for want of subject matter jurisdiction.

Upon request, the Panel serves "to provide assistance in resolving negotiation impasses between agencies and exclusive representatives." 5 U.S.C. § 7119(b), (c)(1). It enjoys broad power to achieve the conciliatory goals of the statute and its decisions are binding on the parties unless they agree otherwise. 5 U.S.C. § 7119(c)(5); 5 C.F.R. § 2471.11. Failure to comply with a Panel decision by an agency or a labor organization constitutes an unfair labor practice. 5 U.S.C. §§ 7116(a)(6), (8), (b)(6), (8). In an unfair labor practice proceeding before the FLRA the charged party may defend such noncompliance on the ground that the Authority should set aside the allegedly illegal Panel decision. 5 U.S.C. § 7118. A party aggrieved by a final order of the Authority may institute an action in a court of appeals where the agency record subject to review will contain both the Panel proceedings and the unfair labor practice proceedings. 5 U.S.C. § 7123.

■ The legislative history of the relevant provisions expressly indicates that direct review of a Panel decision is unavailable:

Final action of the Panel under this section is not subject to appeal, and failure to comply with any final action ordered by the Panel constitutes an unfair labor practice by an agency under section 7116(a)(6) and (8) or a labor organization under section 7116(b)(6) and (8).

H.R.Rep. No. 1403, 95th Cong., 2d Sess. 54–55, *reprinted in* Subcommittee on Postal Personnel and Modernization of the House of Representatives Committee on Post Office and Civil Service, 96th Cong., 1st Sess., Legislative History of the Federal Service Labor-Management Relations Statute, Title VII of the Civil Service Reform Act of 1978, at 700–01. The existence of specific statutory review procedure forecloses this Court's assumption of general federal question or mandamus jurisdiction.[4] *See, e.g., City of Rochester v. Bond*, 603 F.2d 927, 931, 934–35 (D.C.Cir.1979). *Cf. Switchmen's Union of North America v. National Mediation Board*, 320 U.S. 297, 301, 64 S.Ct. 95, 97, 88 L.Ed. 61 (1943).

In this instance the circuitous route to court prescribed by the Statute implements the legislative purpose of promoting collective bargaining by requiring quick resolution of negotiation impasses. *See* 5 U.S.C.

---

2. Title VII of the Civil Service Reform Act of 1978, 5 U.S.C. § 7101 *et seq.* For a discussion of the origin and purposes of the Statute and the roles of the Authority and Panel, *see Dep't of Defense, Army-Air Force Exchange Service v. FLRA*, 659 F.2d 1140, 1144–45 (D.C.Cir. 1981), *cert. denied, American Federation of Government Employees v. FLRA*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).

3. 5 U.S.C. §§ 7116(a)(6), (8), (b)(6), (8); 7123(a).

4. It is by now well settled that neither the Administrative Procedure Act nor the Declaratory Judgment Act, which plaintiff alleges as additional jurisdictional bases, independently afford federal jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 104–107, 97 S.Ct. 980, 983–85, 51 L.Ed.2d 192 (1977); *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950).

§ 7101.[5] "It may well be that the occasional injustice which results from this statutory scheme is too high a price to pay for expediting the vast majority of [collective bargaining agreements]." *Physician's Nat. House Staff Ass'n v. Fanning,* 642 F.2d 492, 499 (D.C.Cir.1980) (*en banc*), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981) (*quoting National Maritime Union v. NLRB,* 375 F.Supp. 421, 439 (E.D.Pa.) *aff'd without opinion,* 506 F.2d 1052 (3d Cir.1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 499 (1975)). Plaintiff's complaint that this scheme is inefficacious or unfair must be raised with Congress. Characterizing the issue here as whether or not it must exhaust administrative remedies by disobeying the Panel's decision, thereby potentially[6] triggering an unfair labor practice proceeding, does not advance plaintiff's attempt to obtain review of an agency action outside the specific statutory review procedure. *See Bendure v. United States,* 554 F.2d 427, 433 (Ct.Cl.1977).

In the alternative, plaintiff argues substantively that, because the Panel allegedly violated the Administrative Procedure Act by failing to articulate the reasons for its decision, and the Statute itself by forcing the Union to accept contract proposals, the Panel's decision is reviewable under the doctrine of *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).[7] *Leedom* authorized exceptional district court jurisdiction to strike down an order of the National Labor Relations Board made "in excess of its delegated powers and contrary to a specific prohibition in the Act." 358 U.S. at 188, 79 S.Ct. at 183.[8]

■ This exception has been narrowly construed. *See, e.g., Boire v. Greyhound,* 376 U.S. at 481, 84 S.Ct. at 898; *United Food and Commercial Workers v. NLRB,* 694 F.2d 276, 278–79 (D.C.Cir.1982); *Baker v. International Alliance of Theatrical Stage Employees,* 691 F.2d 1291, 1294 (9th Cir.1982). It cannot be invoked to review

> a decision of the Board [or Panel] made within its jurisdiction.... [A] plaintiff must be able to identify a specific provision of the Act which, although it is 'clear and mandatory' ... has nevertheless been violated by the Board. That the Board may have made an error of fact or law is insufficient; the Board must have acted without statutory authority.

*Physicians Nat. House Staff Ass'n v. Fanning,* 642 F.2d at 496 (citations and footnote omitted).

Put still another way:

Labor Relations Act expressly prohibited certification under those circumstances.

> The role of the FLRA under the Statute is analogous to that of the National Labor Relations Board and the National Labor Relations Act. 29 U.S.C. § 151 *et seq.* (1976). *Dep't of Defense v. F.L.R.A.,* 659 F.2d at 1144. Presumably, *Leedom* may be invoked in the appropriate public sector labor relations case although research has not disclosed one.

---

**5.** Cf. *Boire v. Greyhound Corp.,* 376 U.S. 473, 477–78, 84 S.Ct. 894, 896–97, 11 L.Ed.2d 849 (1964) (Congress intended to impose delays upon attempts to challenge NLRB representation decisions to insure prompt and final resolution of representation issues).

**6.** The FLRA's opinion in *Nevada National Guard v. National Association of Government Employees, Locals R12–130 and R12–145,* 7 F.L.R.A. No. 37 (1980) *appeal dismissed* (9th Cir. Jan. 7, 1983) should allay plaintiffs' doubts about the eventuality of administrative review of the constitutional and statutory validity of a Panel order. *See also* State of New York, Division of Military and Naval Affairs and New York Council, Association of Civilian Technicians, Inc., 2 F.L.R.A. No. 20 (1979). Attachment to Defendants' reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss.

**7.** *Leedom* involved NLRB certification of a union to represent both professional and non-professional employees without first taking a vote of the professionals. Section 9 of the National

**8.** District court jurisdiction to review NLRB rulings otherwise reviewable only in the courts of appeals if and when they form the basis of a subsequent unfair labor practice charge has also been recognized in those rare instances where the NLRB has deprived a party of its constitutional rights, *McCulloch v. Libbey-Owens-Ford Glass Co.,* 403 F.2d 916, 917 (D.C.Cir. 1968), *cert. denied,* 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969), or has interfered with the government's conduct of foreign relations, *McCulloch v. Sociedad Nacional de Marineros de Honduras,* 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963).

For such jurisdiction to exist, the Board must have stepped so plainly beyond the bounds of the Act, or acted so clearly in defiance of it, as to warrant the immediate intervention of an equity court even before the Board's own processes have run their course.

*Id.* (*quoting Local 130, IUERMW v. McCulloch,* 345 F.2d 90, 95 (D.C.Cir.1965)). Applying these strict standards to the Union's allegations, it is clear that the instant case is not within the *Leedom* exception.

First, plaintiff alleges that "the Panel's failure to articulate the basis for its decision is a fundamental deprivation of rights secured under the APA." Pl's Mem. at 28. While the APA does require agencies to explain the grounds for their actions,[9] the immediately reviewable agency action envisioned in *Leedom* and its progeny is an unmistakable violation of the substantive law—here the federal service labor relations statute. Moreover, plaintiff could have challenged the Panel's application of the law to the particular facts of this case through the regular administrative channels. *Boire v. Greyhound,* 376 U.S. at 481, 84 S.Ct. at 898. "The mere possibility that the decision being reviewed is erroneous is not sufficient to support jurisdiction." *Physicians Nat. House Staff Ass'n v. Fanning,* 642 F.2d at 496 n. 4.

Second, plaintiff alleges that by directing it "to accept 24 of the Bureau's contract proposals, the Panel exceeded its statutory jurisdiction." Pl's Mem. at 29. Paralleling a similar provision in the National Labor Relations Act[10] Section 7103(a)(12) of the Statute, in defining the obligation of parties in collective bargaining, specifies that "it does not compel either party to agree to a proposal or to make a concession." 5 U.S.C. § 7103(a)(12). However, the Statute and applicable regulations imbue the Panel with authority to render a final and binding decision. 5 U.S.C. § 7119(c)(5)(B)(iii), 5 C.F.R. §§ 2471.6(a)(2), 2471.11(a).

Nor is the duty to bargain one that is lacking in practical effect. Although federal employees have no legal right to strike, management must make good faith efforts to reach agreement with employee representatives. Where bargaining fails to produce an accord, the Act provides for binding arbitration by the Federal Service Impasses Panel, or, if both parties agree and the procedure is approved by the Panel, by an outside arbitrator.

*Dep't of Defense v. FLRA,* 659 F.2d at 1146 (footnotes omitted). Significantly in this case, the Union requested the assistance of the Panel in resolving the impasse. Complaint ¶ 11.

Without authoritatively construing the Statute, which may well be ambiguous on the precise point plaintiff argues, the Court must conclude that the Panel's order was not "clearly in defiance" of the Statute. *Physicians Nat. House Staff Ass'n v. Fanning,* 642 F.2d at 496.

Accordingly, and in consideration of the entire record herein, and the argument of the parties, it is this 26th day of April, 1983

ORDERED that defendants' motions to dismiss shall be and hereby are granted and that this cause stands dismissed.

---

**9.** *See* 5 U.S.C. §§ 555(e), 557(c).

**10.** 29 U.S.C. § 158(d).