**Rafal FILIPCZYK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 09–045C.

United States Court of Federal Claims.

Sept. 2, 2009.

Rafal Filipczyk, appearing pro se, Diamondhead, Mississippi, Plaintiff.

Antonia R. Soares, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Alan J. Lo Re, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., Robert Young, of Counsel, Naval Meteorology & Oceanography Command, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

This is a civilian pay suit in which *pro se* Plaintiff Rafal Filipczyk again seeks reimbursement from his employer, the Naval Oceanographic Office ("NAVO"), for lodging expenses of $175.17 incurred when he rented a hotel room after the ship to which he was assigned on temporary duty docked in Japan. NAVO denied him payment based on a provision in the Collective Bargaining Agreement ("CBA") that governs his employment prohibiting reimbursement of hotel expenses for the first 48 hours in which a ship is in port. Mr. Filipczyk has now filed suit in the Court of Federal Claims challenging the legality of the CBA under various statutes and regulations and attempting to recover his lodging expenses. Defendant has filed motions to dismiss Mr. Filipczyk's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Court of Federal Claims ("RCFC"), and the parties

have filed cross-motions for summary judgment under RCFC 56. For the reasons stated below, this Court lacks jurisdiction over the majority of Mr. Filipczyk's claims and grants Defendant summary judgment as to the rest. As will be seen, this $175 lawsuit has generated effort and controversy far in excess of the amount at issue.

### Background [1]

Mr. Filipczyk is a civilian employee of NAVO, a Defense Department agency located at Stennis Space Center in Mississippi. Compl. ¶ 1, Jan. 22, 2009. On July 28, 2007, Mr. Filipczyk left his permanent duty station and began temporary duty assignment aboard the United States Naval Ship Bowditch ("Bowditch"). Pl.'s Proposed Findings of Uncontroverted Fact ¶ 2, May 22, 2009 ("PPFUF"). After the Bowditch docked in Okinawa, Japan on September 24, 2007, Mr. Filipczyk rented a hotel room for three nights, during September 25–28, 2007. *Id.* ¶ 3. The Bowditch subsequently docked in Sasebo, Japan, and Mr. Filipczyk obtained lodging in Government quarters for the nights of October 22–23, 2007. Compl. ¶ 4.

On October 30, 2007, Mr. Filipczyk submitted a request to NAVO for reimbursement of his hotel expenses, totaling $175.17. PPFUF ¶ 5. NAVO denied the request based on the CBA between the agency and the American Federation of Government Employees, which governs Mr. Filipczyk's employment. *Id.* ¶ 6. The CBA contains a provision prohibiting reimbursement of hotel expenses incurred during the first 48 hours that an employee's ship is in port. Def.'s Mot. to Dismiss App. A46, Apr. 3, 2009. It states: "[e]mployees assigned TDY aboard Government ships may utilize, as appropriate, Government or commercial quarters ashore after the ship has been in port during stopovers for forty-eight (48) consecutive hours." *Id.*

On March 20, 2008, Mr. Filipczyk appealed NAVO's denial of reimbursement to the United States Civilian Board of Contract Appeals ("Board"), alleging violations of 5 U.S.C. § 5702(a)(1) (2006), 5 U.S.C.

---

1. The facts discussed in this opinion do not constitute findings of fact by the Court. The facts cited herein are either undisputed or alleged and assumed to be true for the purposes of the pending motions.

§ 5702(a)(2) (2006), and 5 U.S.C. § 5911(e) (2006). Compl. ¶ 6. The Board dismissed Mr. Filipczyk's claim on June 17, 2008 for lack of subject matter jurisdiction because the CBA did not permit appeal to the Board to resolve grievances. *Id.* Mr. Filipczyk petitioned the Board for reconsideration on July 14, 2008. *Id.* On August 27, 2008, the Board granted Mr. Filipczyk's motion to rewrite one sentence of its earlier decision, but upheld its ruling that it did not possess subject matter jurisdiction to hear his claim. *Id.*

On September 11, 2008, Mr. Filipczyk filed a complaint in the Court of Federal Claims requesting the Court to vacate the Board's denial of subject matter jurisdiction. *Id.* ¶ 7. Defendant filed a motion to dismiss pursuant to RCFC 12(b)(1) on November 10, 2008. *Id.* The Court concluded that it lacked subject matter jurisdiction over Mr. Filipczyk's claims because he failed to identify a law conferring a substantive right for money damages against the United States. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed.Cir.2004) (citation omitted). Accordingly, on January 13, 2009, the Court granted Defendant's motion to dismiss Mr. Filipczyk's claims without prejudice. *Filipczyk v. United States*, No. 08–643C, 2009 WL 103740, at *2 (Fed.Cl. Jan.13, 2009).

On January 20, 2009, Mr. Filipczyk filed a new complaint in the Court of Federal Claims seeking monetary damages against the United States in the amount of $175.17. Compl. ¶ 2. Mr. Filipczyk alleges that: (1) the CBA travel provision upon which NAVO based its denial violates federal statutes and a regulation governing per diem allowances for lodging, namely 5 U.S.C. § 5702(a)(1), 5 U.S.C. § 5702(a)(2), 5 U.S.C. § 5911(e), and 41 C.F.R. § 301–11.3 (2009); (2) the CBA's travel provision also violates § C5.1.3.1 and § C5.1.3.10 of the Department of Defense Housing Management Manual 4165.63–M ("DOD Housing Manual"); and (3) inclusion of the travel provision in the CBA violates federal statutes governing collective bargaining agreements involving federal employees, namely 5 U.S.C. § 7103(a)(12) (2006), 5

U.S.C. § 7103(a)(14)(C) (2006), and 5 U.S.C. § 7117(a)(1) (2006). *Id.*

On April 3, 2009, Defendant filed a motion to dismiss Mr. Filipczyk's complaint for failure to state a claim, pursuant to RCFC 12(b)(6). Defendant argues that the CBA travel provision does not violate any of the federal statutes, regulations, or the DOD Housing Manual Mr. Filipczyk cites. Def.'s Mot. to Dismiss 5. Mr. Filipczyk filed a re-'sponse in opposition to the motion on April 22, 2009, and Defendant replied on May 7, 2009.

On May 7, 2009, Defendant filed a "partial motion to dismiss"[2] those of Mr. Filipczyk's claims brought under the Federal Service Labor–Management Relations Act ("FSLMRA"), pursuant to RCFC 12(b)(1). These claims allege that the CBA violates § 7103(a)(12) and § 7103(a)(14)(C) of the FSLMRA. Defendant contends that the Court lacks subject matter jurisdiction over the FSLMRA claims because the Federal Labor Relations Authority ("FLRA") maintains exclusive jurisdiction of claims brought under the FSLMRA, subject only to limited judicial review by a court of appeals. Def.'s Partial Mot. to Dismiss 4, May 7, 2009. Mr. Filipczyk opposed this assertion in a May 29, 2009 response, and Defendant replied on June 15, 2009.

Mr. Filipczyk filed a motion for summary judgment on May 22, 2009, alleging that no material facts were in dispute, and he was entitled to judgment as a matter of law that the CBA travel provision violated the federal statutes, regulations, and DOD Housing Manual referenced in his complaint. Defendant filed a response and cross-motion for summary judgment on June 22, 2009, and Mr. Filipczyk opposed the cross-motion on July 16, 2009. Defendant replied in support of its cross-motion on August 12, 2009.

*Standards of Review*

Before this Court are Defendant's motion to dismiss pursuant to RCFC 12(b)(6), Defendant's "partial motion to dismiss" pursuant to RCFC 12(b)(1), and the parties' cross-

---

2. In the Court's view, there is no such thing as a "partial motion." Properly styled, Defendant's filing should have been a "motion for partial dismissal." Nevertheless, the Court will refer to this filing with the heading chosen by Defendant.

motions for summary judgment brought under RCFC 56. In this Opinion and Order, the Court disposes of the majority of Mr. Filipczyk's claims on subject matter jurisdiction grounds and the remaining claims on summary judgment grounds. Therefore, there is no need for the Court to determine whether Mr. Filipczyk has failed to state a claim under RCFC 12(b)(6).

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction (RCFC 12(b)(1))

■ When considering a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by, Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Plaintiff bears the burden of establishing by a preponderance of the evidence the facts sufficient to invoke the Court's jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988) (citations omitted). In determining whether Plaintiff has met this burden, the Court may look "beyond the pleadings and 'inquire into jurisdictional facts' in order to determine whether jurisdiction exists." *Lechliter v. United States*, 70 Fed.Cl. 536, 543 (2006) (quoting *Rocovich v. United States*, 933 F.2d 991, 993 (Fed.Cir.1991)). This Court will dismiss for lack of subject matter jurisdiction only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Frymire v. United States*, 51 Fed.Cl. 450, 454 (2002) (citations omitted).

In the present case, both Plaintiff and Defendant have submitted evidentiary documents in support of their pleadings. The Court refers to these materials "to the extent that they allow the court to determine whether it has jurisdiction over this case." *Lechliter*, 70 Fed.Cl. at 543.

### B. Motion for Summary Judgment (RCFC 56)

■ Summary judgment is appropriate under RCFC 56 when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See* RCFC 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed.Cir.2001) (citation omitted). Summary judgment will not be granted if "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505; *see also Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 971 (Fed.Cir.2001) (citation omitted). In reviewing a motion for summary judgment, the benefit of all presumptions and factual inferences runs in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted); *Lathan Co., Inc. v. United States*, 20 Cl.Ct. 122, 125 (1990) (citation omitted). The moving party bears the initial burden of showing an absence of evidence to support the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-movant must come forward with specific facts that give rise to genuine issues of material facts. RCFC 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (citation omitted). Disputes over facts that might affect the outcome of the case are considered "material." *See Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute is "genuine" when a reasonable trier of fact could find in favor of the non-moving party based on the evidence presented. *Id.* If the non-moving party produces sufficient evidence to raise a genuine issue of fact material to the outcome of the case, the motion for summary judgment should be denied. *See id.* at 248, 106 S.Ct. 2505. With cross-motions for summary judgment, the Court evaluates each motion on its own merits and resolves all doubts and inferences against the party whose motion is being considered. *Tenn. Valley Auth. v. United States*, 60 Fed.Cl. 665, 670 (2004) (citing *Mingus Constructors, Inc. v. United*

*States,* 812 F.2d 1387, 1390–91 (Fed.Cir. 1987)).

## Discussion

### A. The Court Lacks Subject Matter Jurisdiction Over the Majority of Plaintiff's Claims.

■■■■■ The United States Court of Federal Claims is a court of limited jurisdiction. *Southfork Sys., Inc. v. United States,* 141 F.3d 1124, 1132 (Fed.Cir.1998). Under the Tucker Act, this Court has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act, however, "does not create any substantive right enforceable against the United States for money damages .... [t]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (citation omitted). A plaintiff coming before this Court, therefore, must identify a separate provision of law conferring a substantive right for money damages against the United States. *See Todd v. United States,* 386 F.3d 1091, 1094 (Fed.Cir.2004) (citation omitted).

■■■■■ *Pro se* litigants are afforded considerable leeway in presenting their pleadings to the Court. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (citations omitted). This broad latitude afforded *pro se* litigants does not, however, exempt them from meeting this Court's jurisdictional requirements. *See Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995). Pro se plaintiffs still have the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Tindle v. United States,* 56 Fed. Cl. 337, 341 (2003). Further, there is no duty for a court to create any claims that are not spelled out in a plaintiff's pleading. *Sco-*

*gin v. United States,* 33 Fed.Cl. 285, 293 (1995) (citation omitted).

Mr. Filipczyk has filed suit seeking monetary damages under the FSLMRA, 5 U.S.C. § 5911(e), and the DOD Housing Manual, among others. Because none of these statutes, regulations, or the DOD Housing Manual confers a substantive right for money damages against the United States, the Court must dismiss these claims for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).[3]

### 1. Plaintiff's FLSMRA Claims

Mr. Filipczyk alleges that the CBA travel provision in question violates several sections of the FSLMRA, a statute that grants federal employees certain rights to organize, bargain collectively, and participate in labor organizations. *See* 5 U.S.C. § 7101(a)-(b). The specific provisions of the FSLMRA are as follows: (1) § 7103(a)(12), which defines the term "collective bargaining;" (2) § 7103(a)(14), which defines the term "conditions of employment;" and (3) § 7117(a)(1), which states in relevant part: "the duty to bargain in good faith shall, to the extent not inconsistent with any Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any rule or regulation only if the rule or regulation is not a Government-wide rule or regulation." In its "partial motion to dismiss," Defendant argues that the Court lacks jurisdiction to hear Mr. Filipczyk's FSLMRA claims because the FLRA maintains exclusive jurisdiction over claims brought under the statute, subject only to limited judicial review by a court of appeals. The Court agrees.

■■■■■ Before this Court may evaluate the merits of Mr. Filipczyk's claims, Mr. Filipczyk must establish the Court's jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 88–89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The FSLMRA grants the FLRA exclusive authority to resolve claims brought by individuals under the statute, subject only to limited judicial review in

---

**3.** Although Defendant's "partial motion to dismiss" for lack of subject matter jurisdiction only addresses Mr. Filipczyk's FLSMRA claims, this Court may, at any time, determine that it lacks subject matter jurisdiction over any claims and dismiss an action. *See* RCFC 12(h)(3).

the appropriate court of appeals. *See Kara-halios v. Nat'l Fed'n of Fed. Employees, Local 1263,* 489 U.S. 527, 532–33, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989); *Baker v. Library of Cong.,* 260 F.Supp.2d 59, 63 (D.D.C. 2003) (citations omitted); *Mobin v. United States,* 22 Cl.Ct. 331, 334 (1991) (citation omitted). The statute does not create a private cause of action in this Court. *Karahalios,* 489 U.S. at 533, 109 S.Ct. 1282. Indeed, the statute provides recourse to courts only in three instances: (1) a person aggrieved by a final order of the FLRA may seek review in the appropriate court of appeals, subject to certain exceptions (§ 7123(a)); (2) the FLRA may seek judicial enforcement of its orders (§ 7123(b)); and (3) the FLRA may petition for temporary injunctive relief upon issuance of a complaint of unfair labor practice to assist the FLRA in the discharge of its duties (§ 7123(d)). § 7123(a), (b), (d); *Karahalios,* 489 U.S. at 532, 109 S.Ct. 1282. Mr. Filipczyk seeks to enforce the duty to bargain in good faith, as set forth in § 7117 of the FSLMRA, but he did not obtain a final order by the FLRA or file a petition in a court of appeals. Because this Court does not have jurisdiction to hear claims over which the FLRA holds exclusive jurisdiction, it must grant Defendant's RCFC 12(b)(1) motion to dismiss.

Mr. Filipczyk makes three arguments in opposition to Defendant's motion to dismiss for lack of subject matter jurisdiction: (1) nothing in the FSLMRA explicitly grants the FLRA authority to resolve claims under § 7117(a), and, therefore, this Court has jurisdiction over his FLSMRA claims because the FLRA does not; (2) the Tucker Act confers jurisdiction to hear his FLSMRA claims; and (3) the Court's ruling on his non-FSLMRA claims will necessarily lead to the resolution of his FSLMRA claims, therefore obviating the need for him to establish jurisdiction under the FSLMRA.

These arguments are without merit. A plaintiff bears the burden of affirmatively establishing this Court's jurisdiction by a preponderance of the evidence. *See Reynolds,* 846 F.2d at 748 (citations omitted). Mr. Filipczyk's first assertion that this Court possesses jurisdiction over his FLSMRA claims,

simply because the FLRA does not, must fail. The FLRA's inability to resolve Mr. Filipczyk's claims does not speak to this Court's jurisdiction, which is determined by the Tucker Act.

■ Mr. Filipczyk next alleges that § 7117(a)(1) constitutes the money-mandating statute that grants this Court Tucker Act jurisdiction over his FLSMRA claims. Section 7117(a)(1) states, in relevant part: "[T]he duty to bargain in good faith shall, to the extent not inconsistent with any Federal law or any Government-wide rule or regulation, extend to matters which are the subject of any rule or regulation only if the rule or regulation is not a Government-wide rule or regulation." § 7117(a)(1). Nothing in this provision indicates an intention to "confer a substantive right to recover money damages from the United States. . . ." *Testan,* 424 U.S. at 398, 96 S.Ct. 948.

■ Mr. Filipczyk further argues that, because this Court possesses Tucker Act jurisdiction over his claims based upon the money-mandating federal per diem statute and accompanying regulation (5 U.S.C. § 5702(a)(1), 5 U.S.C. § 5702(a)(2), and 41 C.F.R. § 301–11.3), this Court also has jurisdiction over his FSLMRA claims related to collective bargaining. Alternatively, Mr. Filipczyk contends that the Court can resolve his underlying challenge to the CBA travel provision based on his non-FSLMRA claims, and therefore, he need not show jurisdiction over his FSLMRA claims. These assertions are incorrect. It is settled law that a waiver of the United States' sovereign immunity " 'cannot be implied but must be unequivocally expressed.' " *Testan,* 424 U.S. at 399, 96 S.Ct. 948 (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Furthermore, in order for this Court to have jurisdiction, each basis of jurisdiction alleged must independently provide for monetary relief to be paid by the United States. *Synernet Corp. v. United States,* 41 Fed.Cl. 375, 382 (1998), aff'd, 215 F.3d 1348, 1999 WL 600406 (Fed.Cir.1999) (citations omitted). Even if the Court were to reach the merits of his underlying challenge to the CBA travel provision on other grounds, Mr. Filipczyk has plead the FSLMRA claims in

his complaint and bears the burden of proving the Court's jurisdiction over them. The FLSMRA is not a money-mandating statute, and therefore, this Court does not have jurisdiction to hear Mr. Filipczyk's FLSMRA claims.

### 2. Plaintiff's Claim Under 5 U.S.C. § 5911(e)

██ Mr. Filipczyk contends that the CBA travel provision violates 5 U.S.C. § 5911(e), therefore entitling him to reimbursement for his travel expenses. § 5911(e) states as follows: "The head of an agency may not require an employee or member of a uniformed service to occupy quarters on a rental basis, unless the agency head determines that necessary service cannot be rendered, or that property of the Government cannot adequately be protected, otherwise." § 5911(e). Mr. Filipczyk asserts that this Court has jurisdiction to consider this claim because elsewhere in his complaint, he has invoked 5 U.S.C. § 5702(a) and 41 C.F.R. 301–11.3, which are money-mandating.

The Court rejects Mr. Filipczyk's bootstrapping argument. As explained above, *Synernet* made clear that a plaintiff must show that each alleged ground for jurisdiction provides an independent basis for monetary relief against the United States. 41 Fed.Cl. at 382. Indeed, that Court denied a plaintiff's attempt to rely on the Contract Disputes Act as a jurisdictional hook for claims brought under the Administrative Procedures Act. *Id.* Mr. Filipczyk counters that "the Court cannot be limited to considering only money-mandating provisions." Pl.'s Resp. to Def.'s Cross–Mot. for Summary Judgment 3, July 16, 2009. He maintains that the Court of Claims in *Boege v. United States* relied on the money-mandating section of 5702(a) as the basis for its Tucker Act jurisdiction over an alleged violation of the non-money mandating section of 5911(e), just as he attempts to do here. *See* 206 Ct.Cl. 560, 566 n. 4 (1975). Mr. Filipczyk's interpretation of the law is incorrect. Nothing in *Boege* indicates that the Court of Claims directly addressed whether the money-mandating statute relied upon for one claim may also serve as a basis for Tucker Act jurisdic-

tion over a separate claim brought under a non-money mandating statute.

Mr. Filipczyk also cites *Holley v. United States* as an example in which the Federal Circuit considered whether Government actions violated non-money mandating provisions of the Constitution, statutes, and regulations. *See* 124 F.3d 1462, 1465 (Fed.Cir. 1997). In *Holley*, the plaintiff sued under 37 U.S.C. § 204 (2006), a money-mandating statute applicable to military personnel seeking damages for wrongful discharge, and raised a constitutional claim under the due process clause for the Army's alleged failure to conduct a hearing prior to discharging him. *Id.* at 1465–66. The constitutional claim there was "a factor in the claim for which Tucker Act jurisdiction [was] established," rather than an independent one, because it could have given rise to the back pay cause of action. *Id.* at 1466. By contrast, Mr. Filipczyk's claims under the non-money mandating sources of law constitute independent causes of action and not "factor[s]" in his claims brought under the arguably money-mandating per diem statute and regulation. Therefore, Mr. Filipczyk is required to establish an independent basis of jurisdiction over each of his claims, a step he has failed to meet.

### 3. Plaintiff's DOD Housing Manual Claim

Mr. Filipczyk alleges that the CBA travel provision violates § C5.1.3.1 and § C5.1.3.10 of the DOD Housing Manual. Section C.5.1.3.1 provides that Defense Department personnel staying in transient quarters should have the same quality of furnishing as they would in a good quality, mid-level hotel. Def.'s Mot. to Dismiss App. A100. Section C5.1.3.10 defines the services and supplies required for acceptability of transient quarters. *Id.* App. A 102.

██ Neither of these provisions confers a substantive right for money damages against the United States, and Mr. Filipczyk cannot rely on independent sources of law to provide the jurisdictional hook. *See Todd*, 386 F.3d at 1094 (citation omitted); *see also* Synernet, 41 Fed.Cl. at 382. Therefore, the Court must dismiss his claim under the DOD Hous-

ing Manual for lack of subject matter jurisdiction.

B. *Even if the Court Has Jurisdiction Over Plaintiff's Claim Under § 5911(e), Defendant is Entitled to Judgment as a Matter of Law.*

■ Even if the Court of Claims erred in *Boege* in failing to dismiss the plaintiffs' claims under § 5911(e) for lack of subject matter jurisdiction, the Court held that § 5911(e) does not apply on its face to shipboard quarters in a foreign port that are provided free of charge. 206 Ct.Cl. at 564. In *Boege,* civilian shipboard personnel employed by NAVO challenged NAVO's denial of locality per diem rates for the first three days of in-port stopovers. *Id.* at 562. The plaintiffs argued that the denial of payment compelled them to occupy government-furnished lodging in violation of § 5911(e), just as Mr. Filipczyk does here. *Id.* at 563. The Court of Claims found that a simple reading of the statute clearly showed that it applied only to government-furnished quarters on a *rental* basis. *Id.* at 564. The plaintiffs did not dispute that the shipboard quarters were provided free of charge, and therefore, the Court of Claims held that § 5911(e) on its face did not apply. *Id.* As a result, the Court of Claims concluded that the plaintiffs were not entitled to locality per diem rates for their first three days in port. *Id.* at 565.

Mr. Filipczyk urges the Court to disregard *Boege* because the Court of Claims wrongly focused on the phrase "on a rental basis." Mr. Filipczyk cites several decisions by the Government Accountability Office ("GAO") allegedly holding that § 5911(e) applies to all quarters furnished by the Government, not just those provided at cost. *See To the Sec'y of the Air Force,* B–156187, 44 Comp. Gen. 626, 630 (Apr. 15, 1965); *Matter of Fed. Aviation Admin.: Gov't Quarters,* B–195859, 1980 WL 16914, at *4 (Comp.Gen. Mar.18, 1980). He "claim[s] that the Comptroller General had a better argument" and asks the Court to "revisit the issue and resolve the conflict" with *Boege.* Pl.'s Resp. to Def.'s Mot to Dismiss 3, Apr. 22, 2009.

■ The Court rejects Mr. Filipczyk's position. *Boege* constitutes binding prece-

dent, and therefore, this Court must follow it. *See Crusan v. United States,* 86 Fed.Cl. 415, 420–21 (2009) ("The United States Court of Federal Claims is required to follow the precedent of . . . the United States Court of Claims.") (citations omitted); *Stocum v. United States,* 85 Fed.Cl. 217, 222 (2008) (same) (citations omitted). GAO decisions carry some persuasive weight at most. *MTB Group, Inc. v. United States,* 65 Fed.Cl. 516, 525 (2005) ("[T]he Court of Claims is not bound by the views of the Comptroller General nor do they operate as a legal or judicial determination of the rights of the parties.") (quoting *Burroughs Corp. v. United States,* 223 Ct.Cl. 53, 617 F.2d 590, 597 (1980)). Any weight the GAO decisions may have is tempered by the fact that none of them involved shipboard quarters and most were issued prior to *Boege. See generally To the Sec'y of the Air Force,* 44 Comp. Gen. at 626; To *Lieutenant Colonel L.M. Mason, Dep't of the Army,* B–169248, 49 Comp. Gen. 815, 815–16 (May 28, 1970); To Mr. Arthur W. Allen, B–170618, 1970 WL 4239, at *1 (Oct. 15, 1970).

■ Furthermore, Mr. Filipczyk's suggestion that the Court of Claims wrongly focused on the phrase "on a rental basis" ignores a cardinal principle of statutory construction that a court should not construe a statute so as to render its words superfluous. *TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (citations omitted); *Walther v. Sec'y of Health & Human Servs.,* 485 F.3d 1146, 1150 (Fed.Cir. 2007) (citation omitted). When arguing that § 5911(e) applies to all quarters furnished by the Government, Mr. Filipczyk has essentially asked this Court to read out of the statute the term "on a rental basis," which the Court cannot do.

In addition to citing GAO decisions, Mr. Filipczyk points to the definition of "rental quarters" contained in Office of Management and Budget ("OMB") Circular A–45 § 6(j) (1993). OMB Circular A–45 § 6(j) defines "rental quarters" as follows:

> Except as specifically excluded herein or by statute, the term "rental quarters," includes all furnished and unfurnished quarters supplied under specific Government

authority to Government employees, contractors, contractor employees, and all other persons to whom housing is provided as an incidental service in support of Government programs. It includes, but is not limited to, Government-owned or -leased dwellings, apartments, bunkhouses, dormitories, trailer pads, cabins, guard stations and lookouts, mobile homes, house trailers, and housekeeping as well as nonhousekeeping units. The term excludes tents, containers, housing which due to extreme deterioration is unsuitable for occupancy except in exigent circumstances, and "public quarters" designated for occupancy by members of the uniformed services with loss of allowances, but it includes quarters occupied by such personnel on a rental basis under 37 U.S.C. section 403(e), 42 U.S.C. subsection 1594a(f) and 1594b, and other authorities.

Def.'s Resp. to Pl.'s Mot. for Summary Judgment App. A118, June 22, 2009. According to Mr. Filipczyk, this language lists examples of rental quarters but does not limit the definition to those cited. Pl.'s Mot. for Summary Judgment 3, May 22, 2009. Therefore, he argues that § 5911(e) stands for the proposition that the Government may not require federal employees to occupy Government quarters free of charge, unless the occupancy is essential to the employee's mission or necessary to protect Government property, as determined by the agency head. *Id.* Mr. Filipczyk maintains that neither of these exceptions applies.

▊ Settled canons of statutory construction dictate that a court must begin its analysis of a statute with the plain language of the text and not resort to other sources of interpretation unless the text is ambiguous. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("When the words of a statute are unambiguous, then, . . . 'judicial inquiry is complete.' ") (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981)); *see also Mudge v. United States*, 308 F.3d 1220, 1227 (Fed.Cir.2002) ("It is beyond debate that statutory interpretation begins with the language of the statute.") (citations omitted). The meaning of "on a rental basis" is unambiguous, and Mr. Filipczyk has not

argued otherwise. Even if it were appropriate to consult outside sources, it is not clear that the definition of "rental quarters" in OMB Circular A–45 contemplates shipboard quarters. The quarters that meet the definition include dwellings, apartments, bunkhouses, dormitories, trailer pads, and mobile homes, but no mention is made of shipboard quarters. Def.'s Resp. to Pl.'s Mot. for Summary Judgment App. A118. The land-based nature of the rental quarters is also bolstered by language in OMB Circular A–45 making clear that agencies assume a landlord-tenant relationship with personnel who occupy rental quarters. *Id.* A126.

The Court concludes that U.S.C. § 5911(e) does not apply to Mr. Filipczyk because he was not required to "occupy quarters on a rental basis." Accordingly, Defendant is entitled to judgment as a matter of law on Mr. Filipczyk's § 5911(e) claims.

### C. *Defendant is Entitled to Summary Judgment on Plaintiff's Remaining Claims.*

As to Mr. Filipczyk's remaining claims, Defendant is entitled to summary judgment because the CBA travel provision does not violate 5 U.S.C. § 5702 and its accompanying regulation, 41 C.F.R. § 301–11.3.

#### 1. *Plaintiff's Claims Under 5 U.S.C. § 5702*

Mr. Filipczyk argues that he is entitled to summary judgment because the CBA travel provision violates 5 U.S.C. § 5702(a)(1) and 5 U.S.C. § 5702(a)(2). These provisions provide as follows:

(a) (1) Under regulations prescribed pursuant to section 5707 of this title, an employee, when traveling on official business away from the employee's designated post of duty, or away from the employee's home or regular place of business (if the employee is described in section 5703 of this title), is entitled to any one of the following:

(A) a per diem allowance at a rate not to exceed that established by the Administrator of General Services for travel within the continental United States, and by the President or his designee for

travel outside the continental United States;

(B) reimbursement for the actual and necessary expenses of official travel not to exceed an amount established by the Administrator for travel within the continental United States or an amount established by the President or his designee for travel outside the continental United States; or

(C) a combination of payments described in subparagraphs (A) and (B) of this paragraph.

(2) Any per diem allowance or maximum amount of reimbursement shall be established, to the extent feasible, by locality.

§ 5702(a)(1)-(2). Mr. Filipczyk asserts that these provisions create an entitlement to reimbursement for lodging expenses for all federal employees traveling away from a permanent duty station on official business. Pl.'s Resp. to Def.'s Mot. to Dismiss 6. Furthermore, Mr. Filipczyk maintains that § 5702(a)(1) and § 5702(a)(2) require the Government to prescribe per diem rates based on locality and not by duty stations. *Id.* 7. By establishing a blanket prohibition on reimbursement during the first forty-eight hours that a ship is in port and doing so based on duty station and not locality, NAVO allegedly has violated the per diem statute. *Id.*

▪ *Boege* disposes of the argument that NAVO's CBA travel provision violates § 5702. In that case, the Court of Claims recognized the need for agency discretion in determining per diem allowances. *See Boege*, 206 Ct.Cl. at 566 n. 4. When analyzing an earlier but comparable version of § 5702, the Court of Claims stated that "[t]here can be little question that [the statute] grants discretion to Government agencies in determining what per diem allowances are applicable to different categories of travel or temporary duty status." *Id.* The Court rejected the plaintiffs' claim that a new Defense Department directive clarifying the location of a temporary duty station for purposes of determining the applicable per diem rate ran afoul of § 5702's predecessor. *Id.* at 567–68. It concluded that the Defense Department did not abuse its discretion when modifying the

per diem rate, relying on evidence in the record that reflected "the opinion that shipboard per diem rates should be paid unless civilian personnel were *required* to maintain commercial quarters ashore." *Id.* at 567. The Court of Claims opined that "it [was] difficult to see how the agency could have abused its discretion by subsequently modifying the policy to the benefit of plaintiffs" by allowing them to seek locality per diem if their ship was in port beyond three days rather than permitting the abandonment of locality per diem altogether. *Id.* The CBA travel provision at issue in this case permits a civilian employee to obtain lodging reimbursements after a ship has docked for more than 48 hours and reflects a more liberal policy than the three-day rule affirmed in *Boege*. Therefore, the Court does not find that the CBA travel provision violates § 5702.

Mr. Filipczyk rejects *Boege*, arguing that the version of § 5702 analyzed by the Court of Claims does not mirror the version in force today. Pl.'s Resp. to Def.'s Mot. to Dismiss 6. He contends that Congress has explicitly taken away the agency discretion to prescribe per diem rates authorized under the previous version of the statute. *Id.* Mr. Filipczyk has misread § 5702. The old version of § 5702(a)(1) provided that "[a]n employee, while traveling on official business away from his designated post of duty, is entitled to a per diem allowance prescribed by the agency concerned." *Boege*, 206 Ct.Cl. at 566 n. 4 (quoting § 5702(a)(1) (1975)). While § 5702(a)(1) no longer includes the phrase "prescribed by the agency concerned," *see* § 5702(a)(1) (2006), it does contain language requiring reimbursement to occur "[un]der regulations prescribed pursuant to section 5707 of this title ....," *id.* The Court must read the provision in conjunction with § 5707(a)(1), which states that "[t]he Administrator of General Services shall prescribe regulations necessary for the administration of this subchapter ...." § 5707(a)(1) (2006). Furthermore, § 5707(a)(1), through Executive Order 12561, delegates to the Secretary of State the authority to establish maximum per diem rates for travel outside the United States.

§ 5702(a)(1); Exec. Order No. 12561, 51 Fed. Reg. 24,299 (July 1, 1986). Because § 5702(a)(1) allows for agency discretion in setting per diem rates and is materially similar to the statute in place at the time the Court of Claims decided Boege, that case applies equally to the current version of § 5702.

Even if discretion to prescribe per diem rates exists, Mr. Filipczyk claims the CBA travel provision "prescribes zero per diem lodging reimbursement rates based on duty station[,] not locality" as required by § 5702(a)(2). Pl.'s Resp. to Def.'s Mot. to Dismiss 7. First, the CBA travel provision does not authorize NAVO civilian employees to secure lodging at Government expense when the ship is in port for three days or less. It only permits reimbursement for lodging after the ship has been in port for forty-eight or more hours. Second, § 5702(a)(2) provides that "[a]ny per diem allowance or maximum amount of reimbursement shall be established, *to the extent feasible,* by locality." § 5702(a)(2) (emphasis added). Section 5702(a)(2) expresses a preference for setting per diem rates by locality but does not prohibit an agency from doing so based on duty station, as Mr. Filipczyk suggests.

2. *Plaintiff's Claim Under 41 C.F.R. § 301–11.3*

Mr. Filipczyk alleges that the CBA travel provision violates 41 C.F.R. § 301–11.3, a regulation promulgated under the Federal Travel Regulation System. The regulation provides that an agency must pay either a per diem allowance or actual expenses unless the employee (1) travels to a training event under the Government Employees Training Act and the employee agrees not to be paid per diem expenses or (2) travels for a pre-employment interview, and the interviewing agency does not authorize payment. 41 C.F.R. § 301–11.3.

Just as 5 U.S.C. § 5702 does not grant federal employees a blanket entitlement to reimbursement for all travel expenses incurred as part of official duty, neither does 41 C.F.R. § 301–11.3. The Court of Claims in *Boege* recognized that 5 U.S.C. § 5702 gives federal agencies discretion to determine per diem allowances. *See* 206 Ct.Cl. at 566 n. 4. Accordingly, it upheld the validity of a Defense Department directive in the face of an earlier version of § 5702 effectively restricting the plaintiffs' travel reimbursement during the first three days in which their ship was at port. *Id.* at 568. The Administrator of General Services issued 41 C.F.R. § 301–11.3 pursuant to authority granted under § 5702. Both the statute and its accompanying regulation stand substantively for the same proposition that an agency must pay its employees for costs incurred as part of official travel, except in limited circumstances. In light of this Court's ruling that the CBA travel provision does not violate § 5702, Defendant also is entitled to summary judgment on Mr. Filipczyk's claim under 41 C.F.R. § 301–11.3.

*Conclusion*

Based upon the foregoing, the Court lacks subject matter jurisdiction to hear Plaintiff's claims brought pursuant to 5 U.S.C. § 7103(a)(12), 5 U.S.C. § 7103(a)(14), 5 U.S.C. § 7117(a)(1), 5 U.S.C. § 5911(e), and the DOD Housing Manual. Accordingly, the Clerk of the Court shall dismiss these claims without prejudice. Furthermore, the Court concludes that there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law as to Plaintiff's remaining claims under 5 U.S.C. § 5702(a)(1)(2) and 41 C.F.R. § 301–11.3. Defendant's motion for summary judgment is therefore GRANTED as to these remaining claims, and the Clerk of the Court is directed to enter judgment in favor of Defendant. No costs.

IT IS SO ORDERED.